IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY ARMOLT, | : | |
| | : | 1:10-cV-346 |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Andrew Smyser |
| SUPERINTENDENT JOHN KERESTES, *et al.*, | : | |
| | : | |
| Respondents. | : | |

## **MEMORANDUM**

## June 25, 2010

### THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc.13), filed on June 15, 2010 which recommends that we dismiss Petitioner Jeffrey Armolt's ("Petitioner" or "Armolt") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed objections to the R&R on June 24, 2010. (Docs. 14 and 15). Accordingly, this matter is ripe for our review.

### I.   PROCEDURAL AND FACTUAL BACKGROUND

Petitioner was convicted in the Court of Common Pleas of Adams County upon his plea of guilty to three counts of rape charged under 18 Pa. C.S.A. §

1

3121(a)(6), engaging in sexual intercourse with a complainant less than 13 years of age. On April 12, 2004, Armolt was sentenced on each count to a term of imprisonment of five to ten years. The three sentences were imposed to run consecutively. Thus, Armolt is serving a fifteen (15) to thirty (30) year sentence.

The *pro se* petition raises five grounds for habeas corpus relief: (1) that his guilty plea was unlawfully induced; (2) that his state law right to a speedy trial was violated; (3) that there was "[p]ossible collaboration by trial counsel and a layered ineffective assistance of counsel by governmental interference, or constructive deprivation thereof" (4) "Prosecutorial Misconduct, and Proper Time Credit"; and (5) lack of meaningful appellate review.

On June 15, 2010, Magistrate Judge Smyser issued a R&R recommending that the petition be dismissed because the Petitioner did not exhaust his administrative remedies and because the petition is untimely. (Doc. 13). As noted above, on June 24, 2010, Petitioner filed objections and a memorandum of law in support thereof. (Docs. 14 and 15).

## II.   STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. §

636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## III. DISCUSSION

As correctly noted by Magistrate Judge Smyser, a person convicted in state court who seeks to present a claim in federal court pursuant to 28 U.S.C. § 2254 that his or her custody is in violation of the Constitution or laws of the United States must, under 28 U.S.C. § 2244(d)(1)(A) do so within one year after the judgment. There are four different ways to trigger the start of the one year statute of limitations period for section 2254 petitions. They are:

(1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;

(2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

> States is removed, if the applicant was prevented from filing by such State action;

(3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

As noted by Magistrate Judge Smyser, the Petitioner's conviction became final on August 19, 2004, when he was sentenced. Petitioner did not file a direct appeal of the judgment conviction and sentence. On January 17, 2007, he filed a Post Conviction Relief Act ("PCRA") petition, which was dismissed by the trial court. Thus, the filing of the instant Petition is well outside the one-year statute of limitations applied to section 2254 petitions. In fact, within his response to the Respondents' answer to the habeas petition, the Petitioner does not dispute that the petition is untimely, but argues that the statutory deadline for a federal habeas corpus challenge to a state court conviction is a wrongful limitation upon a person's rights under the United States Constitution.

Additionally, Magistrate Judge Smyser concludes that Petitioner has not exhausted his state remedies. Petitioner has offered nothing in his objections to rebut this correct finding by the Magistrate Judge.

**IV.  CONCLUSION**

Petitioner's objections provide us with no valid reason to disagree with Magistrate Judge Smyser's appropriate recommendation of dismissal in this matter. Accordingly, we shall adopt the R&R. An appropriate Order shall issue.